[No. S004725. Apr. 4, 1995.]

In re H. PETER YOUNG on Contempt.
THE PEOPLE, Plaintiff and Respondent, v.
ROYAL KENNETH HAYES, Defendant and Appellant.

**COUNSEL**

H. Peter Young, in pro. per.

**OPINION**

**THE COURT.**—On November 4, 1994, after granting Attorney H. Peter Young 19 extensions of time to file the appellant's opening brief in the case of *People* v. *Hayes* (S004725, app. pending), this court ordered Young to file the brief on or before December 5, 1994. Young failed to comply with that order and, instead, sought a 20th extension of time to file the brief.

On January 11, 1995, in response to an order to show cause why he should not be held in contempt for failure to comply with the November 4, 1994, order, Young appeared before this court and was ordered to file the brief on or before March 1, 1995, and to appear before this court on March 7, 1995.

Young failed to file the brief on or before March 1, 1995, as ordered on January 11, 1995. On his representation that he was unable to appear on March 7, 1995, the order of January 11, 1995, was modified and Young was ordered to appear before this court on Tuesday, April 4, 1995. He was further ordered to produce a copy of that part of the appellant's opening brief which had been completed by that date if the brief had not been filed earlier.

█ Young appeared before the court on this date. The court finds that he has not complied with the court's orders of November 4, 1994, and January 11, 1995. The court also finds that Young was aware of and had the ability to comply with those orders and failed to do so. Willful failure to comply with an order of the court constitutes contempt. (Code Civ. Proc., § 1209, subd. (a)5.)

The failure to comply with the November 4, 1994, and January 11, 1995, orders of this court is an act occurring in the immediate view and presence of

the court within the meaning of Code of Civil Procedure section 1211. (Cf. *Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 409 [42 Cal.Rptr. 441, 398 P.2d 777]; *Lyons* v. *Superior Court* (1955) 43 Cal.2d 755, 759-760 [278 P.2d 681].)

The court finds H. Peter Young guilty of contempt of this court. Having been adjudged in contempt of the California Supreme Court, H. Peter Young is sentenced to serve five (5) days in the Los Angeles County jail. Pursuant to Code of Civil Procedure section 1209, subdivision (c), execution of this judgment is stayed until 9 a.m., Saturday, April 8, 1995, at or before which time H. Peter Young is to surrender himself to the Sheriff of Los Angeles County, or his representative, at the Los Angeles County jail, 4411 Bauchet Street at Vignes, Los Angeles, California.

Pursuant to Business and Professions Code section 6086.7, the clerk is directed to notify the State Bar of this action by forwarding to the State Bar a copy of this judgment of contempt.

*[Modification of judgment of contempt; filed April 12, 1995.]*

On April 4, 1995, the court adjudged H. Peter Young in contempt of court and imposed a term of five days' imprisonment. H. Peter Young appeared at the Los Angeles County jail on April 8, 1995, as ordered by this court, to surrender himself to serve the term of five days imposed in the judgment of contempt made on April 4, 1995. Although the judgment of contempt committing H. Peter Young to serve a five-day jail term had previously been delivered to the jail, the Inmate Reception Center of the Los Angeles County jail could not locate that commitment and, believing that the commitment had not been delivered, directed H. Peter Young to return to this court for further instructions. He has done so.

The jail term is reduced to four days, reflecting credit for April 8, 1995.

H. Peter Young, having served one (1) day of the sentence imposed on April 4, 1995, is to surrender himself to the Sheriff of Los Angeles County, or his representative, at the Inmate Reception Center, Los Angeles County jail, 4411 Bauchet Street at Vignes, Los Angeles, California, at 9 a.m. on Saturday, April 29, 1995, to serve the remaining term of four (4) days.